JS-6

# UNITED STATES DISTRICT COURT
## CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES - GENERAL**

| Case No. | CV 12-09078-RGK (AJWx) | Date | November 1, 2012 |
|---|---|---|---|
| Title | *GB INLAND PROPERTIES II, LLC v. DEMETRIUS L. PHILLIPS et al.* | | |

| Present: The Honorable | R. GARY KLAUSNER, U.S. DISTRICT JUDGE | | |
|---|---|---|---|
| Sharon L. Williams (Not Present) | Not Reported | N/A |
| Deputy Clerk | Court Reporter / Recorder | Tape No. |

| Attorneys Present for Plaintiffs: | Attorneys Present for Defendants: |
|---|---|
| Not Present | Not Present |

**Proceedings:** **(IN CHAMBERS) ORDER REMANDING CIVIL ACTION TO SUPERIOR COURT**

On October 22, 2012, Defendants Demetrius and Lola Phillips, in pro se, removed this action from state Court on the basis of federal question jurisdiction, pursuant to 28 U.S.C. § 1331.

Removal jurisdiction is governed by statute. *See* 28 U.S.C. §§ 1441, et seq. The Ninth Circuit has held unequivocally that the removal statute is construed strictly against removal. *Ethridge v. Harbor House Rest.*, 861 F.2d 1389, 1393 (9th Cir. 1988). The strong presumption against removal jurisdiction means that "the defendant always has the burden of establishing that removal is proper." *Gaus v. Miles*, Inc., 980 F.2d 564, 566 (9th Cir. 1992). Federal question jurisdiction stands where a federal statute creates a cause of action, 28 U.S.C. § 1331, or where the resolution of a right created by state law necessarily turns on the construction of federal law, *Grable & Sons Metal Products, Inc. v. Darue Eng'g & Mfg.*, 545 U.S. 308, 314 (2005). Federal courts will only consider federal issues that arise on the face of the complaint. *Taylor v. Andersen*, 234 U.S. 74, 75-76 (1914). Thus, an invocation of a federal law as a defense in the answer is insufficient basis to establish federal question jurisdiction. *Caterpillar Inc. v. Williams*, 482 U.S. 386, 39 (1987).

Here, Defendants state that the basis for removal is that the claim arises under federal law. However, the Court's careful review of the Complaint filed by GB Inland Properties II, LLC ("Plaintiff") on September 4, 2012, shows that Plaintiff raised no federal question therein. Plaintiff's Complaint is a discrete action for unlawful detainer, an action which exclusively invokes authority pursuant to California statute. Defendants cannot confer jurisdiction upon the Court by attempting to attach a federal question to the Notice of Removal or by asserting a defense under federal law. Thus, removal is improper under federal question.

For the foregoing reasons, the above-entitled case is ordered **REMANDED** to the Superior Court for all further proceedings for lack of subject matter jurisdiction.

**IT IS SO ORDERED.**

                                                                                                                               _____ : _____

                                                                              Initials of Preparer